IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| GUILLERMO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 7:12:CV-00069 |
| WELLS FARGO BANK, N.A., IN ITS | § | |
| INDIVIDUAL CAPACITY, AND D/B/A | § | |
| AMERICA'S SERVICING COMPANY, | § | |
| | § | |
| Defendant. | | |

**WELLS FARGO BANK, N.A.'S RESPONSE TO PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR TEMPORARY INJUNCTION**

NOW COMES Wells Fargo Bank, N.A. ("Wells Fargo"), the Defendant herein, and files this its Response to Plaintiff's Emergency Application for Temporary Restraining Order and Petition for Temporary Injunction ("Response") and, in support thereof, respectfully shows the Court as follows:

**I.
Summary of Argument**

1. This case concerns a lender's right to enforce by the power of sale certain indebtedness owed by borrower Guillermo Gonzalez (the "Plaintiff"), the Plaintiff herein, and secured by a deed of trust lien on real property located at 6507 N. 26th Lane, McAllen, Texas 78501 (the "Property"). It is undisputed that Plaintiff is in default. Due to Plaintiff's delinquent status, Wells Fargo is attempting to foreclose on the Property. Plaintiff filed this lawsuit and his application for injunctive relief in an effort to stall foreclosure.

2. Plaintiff's application for injunctive relief should be denied because Plaintiff cannot show a probable right of recovery. Wells Fargo would show the Court that the Complaint

(as defined below) alleges three causes of action: (1) negligent misrepresentation; (2) Deceptive Trade Practices Act violations, and (3) "failure to properly invoke power of sale." Plaintiff appears to allege that Wells Fargo should not be able to foreclose on the Property, but pleads absolutely no facts in support of this allegation or the causes of action pleaded. Complaint, ¶¶ 6.01-9.03. Because Plaintiff has no basis in law or fact to prevent foreclosure and/or to succeed on any cause of action pleaded, denying the injunctive relief is proper.

## II.
## Procedural Background

3. On February 6, 2012, Plaintiff filed his Original Petition and Request for Injunctive Relief ("Complaint") in the County Court at Law #4 of Hidalgo County, Texas, seeking, among other things, to prevent Wells Fargo from foreclosing on that certain real property located at 6507 N. 26th Lane, McAllen, Texas (the "Property") pursuant to the terms of a note (the "Note") and secured by a deed of trust lien ("Deed of Trust"). (Dkt. #1-4).

4. On the same date, Plaintiff obtained an *ex parte* temporary restraining order which prevented Wells Fargo from foreclosing on the Property on February 7, 2012. (Dkt #1-4). The temporary restraining order expired on its own terms. *Id.*

5. On February 17, 2012, Wells Fargo removed the case to this Court (Dkt. #1).

6. On February 24, 2012, Wells Fargo filed its Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support. (Dkt. #5).

7. On February 27, 2012, Plaintiff filed his Emergency Application for Temporary Restraining Order and Petition for Temporary Injunction seeking to stope a foreclosure sale scheduled for March 1, 2012 ("Application"). (Dkt. #6).

## III.
## Arguments and Authorities

8. To be entitled to injunctive relief, Plaintiff is required to show (1) a probable right of recovery; (2) imminent harm; (3) irreparable injury; and (4) that there is no adequate remedy at law. Plaintiff is unable to show a probable right of recovery against Wells Fargo, and therefore, the Application should be denied. *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *Morales v. City of S. Padre Island*, 2010 U.S. Dist. LEXIS 55362 *7-8 (S.D. Tex. June 4, 2010).

**A.  Plaintiff cannot prevail on his negligent misrepresentation claim.**

9. Because the Plaintiff completely fails to allege any specific facts in support of a claim for negligent misrepresentation in his complaint, he cannot show a probable right of recovery. In order to state a claim for negligent misrepresentation, a plaintiff must allege (1) the defendant made a representation to the plaintiff in the course of the defendant's business or in a transaction in which the defendant had an interest; (2) the defendant supplied false information for the guidance of others; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the representation; and (5) the defendant's negligent misrepresentation proximately cause the plaintiff's injury. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005); *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999). Plaintiff does not specify a representation made by Wells Fargo, false information provided by Wells Fargo, how Wells Fargo did not exercise reasonable care or competence, or how a misrepresentation by Wells Fargo caused the Plaintiff's injury. Plaintiff only vaguely alleges "Defendant have [sic] made false representations inducing him to incur the alleged debts owed." Complaint, ¶ 6.04. Plaintiff does not specify when the alleged misrepresentations were

made, who made them, or what the alleged misrepresentations were. Because Plaintiff wholly fails to allege facts that sufficiently show a plausible claim for negligent misrepresentation. Further, a negligent misrepresentation claim is compensable with monetary damages; therefore, injunctive relief is neither necessary, nor warranted. Accordingly, denying the Application is proper.

**B.     Plaintiff does not have a probable right of recovery for violation of the Deceptive Trade Practices Act.**

10.     The Plaintiff does not have a probable right of recovery because, again, Plaintiff has failed to state a claim for violations of the Deceptive Trade Practices Act ("DTPA") upon which relief may be granted. A valid DTPA claim must allege that: (1) plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant committed a wrongful act; and (4) the defendant's action was a producing cause of the plaintiff's damages. TEX. BUS. & COM. CODE §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. *Modelist v. Deutsche Bank Nat. Trust Co.*, 2006 U.S. Dist. LEXIS 75164 at *7 (S.D. Tex. 2006) (citing *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id.* (citing *Holland Mortgage & Inv. Corp. v. Bone*, 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

11.     The Complaint fails to allege that the Plaintiff satisfies the statute's definition of "consumer." In evaluating whether Plaintiff is a consumer, the Court must look to the object of the transaction. Tex. Bus. & Com. Code Ann. § 17.45; *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984). In *La Sara Grain Company*, the Texas Supreme Court held that a lender may be subject to a DTPA claim if the borrower's "objective" was the

purchase or lease of a good or service. *La Sara Grain Co.*, 673 S.W.2d at 567. However, a person whose objective is merely to borrow money is not a consumer because the lending of money does not involve either the purchase or lease of a good or service. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980). This rule has also been applied in the context of an extension of credit secured by property. *See Smith v. United States Nat'l Bank of Galveston*, 767 S.W.2d 820, 824 (Tex. App.—Texarkana 1989, writ denied).

12. Plaintiff does not qualify as a "consumer." *Burnett v. Wells Fargo, N.A.*, No. 4:09-CV-00370-MHS-ALM, Report and Recommendation at p. 17 (E.D. Tex., Feb. 16, 2010) (A. Mazzant) (discussing DTPA claim, plaintiff in wrongful foreclosure action did not qualify as a consumer for purposes of the DTPA because borrowing money did not constitute the acquisition of a good or service under the statute). Further, Plaintiff does not allege that Wells Fargo can be sued under the DTPA, specify any wrongful act and/or omission that Wells Fargo is alleged to have committed, or identify a Wells Fargo action that was a producing cause of the Plaintiff's damages. Plaintiff merely alleges "Defendant violated [the DTPA] in engaging in false, misleading, and deceptive acts or practices on which Plaintiffs [sic] relied to their [sic] detriment," with zero factual support for the same. Stated Plaintiff does not plead what acts Defendant allegedly committed which violated the DTPA. Because Plaintiff fails to state a claim for violations of the DTPA, denying the Application is proper.

**C.** **"Failure to properly invoke power of sale" is not a cause of action and does not warrant injunctive relief.**

13. Plaintiff brought a third cause of action stated as "failure to properly invoke power of sale." Complaint, ¶ ¶ 7.01-7.02. This is not a recognized cause of action and Wells Fargo is unable to intelligibly respond to such a "claim." However, as set forth below, if

Plaintiff intended to state a cause of action for breach of contract and/or wrongful foreclosure instead, those claims would also fail as a matter of law, and denying the Application is proper.

### i. Wrongful Foreclosure

14. To the extent Plaintiff intended to bring a claim for wrongful foreclosure, Plaintiff fails to state a claim for the same. Plaintiff alleges Wells Fargo failed to provide proper notice prior to the foreclosure sale that was previously scheduled for February 7, 2012. ¶ 7.01. The claim fails because Wells Fargo did not foreclose on the Property on February 7, 2012. Under a wrongful foreclosure cause of action for damages, the "fact that there was not a foreclosure renders the [Plaintiff's] claim for wrongful foreclosure moot." *Walton v. Wells Fargo Bank, N.A.*, 20011 U.S. Dist. LEXIS 99333 (S.D. Tex. Sep. 2, 2011) (citing *Diversified, Inc. v. Gibraltar Sav. Ass'n,* 762 S.W.ed 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied) (explaining that a mortgagor's remedies for wrongful foreclosure must follow a foreclosure). Because there was not a foreclosure, there can be no claim for wrongful foreclosure. *Id.* Thus, Plaintiff's Application should be denied.

### ii. Breach of Contract

15. To the extent Plaintiff intended to bring a claim for breach of contract, Plaintiff also fails to state a claim for the same and thus, cannot show a substantial likelihood of success in his claim. In order to recover for breach of contract, Plaintiff must establish the following: (1) there is a valid, enforceable contract; (2) the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations; (3) the defendant breached the contract; and (4) the defendant's breach caused plaintiff's injury. *Winchek v. American Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.). To the

extent Plaintiff intended to assert a cause of action for breach of contract, he fails to allege any facts that would support any elements of such a claim.

16. Specifically, Plaintiff fails to identify what parties entered into what contract, whether it was a valid contract, what the key terms were and what and how they were allegedly breached. Plaintiff also fails to identify any loan documents that were allegedly breached and fail to indicate which provisions were allegedly breached. A general, conclusory recitation of some, but not all, of the breach of contract elements is not enough to survive under Rule 12(b)(6). *See, e.g.*, *Chapa v. Chase Home Finance LLV*, 1020 U.S. Dist. LEXIS 132603, 2010 WL 5186785, *5 (S.D. Tex. Dec. 15, 2010), *citing Smith v. Natl' City Mortg.*, 2010 U.S. Dist. LEXIS 86221 at *33-34 (W.D. Tex. August 23, 2010) (dismissing breach of contract claim in 12(b)(6) motion where plaintiffs did not specify what provision or for that matter what contract was allegedly breached), *citing Mae v. U.S. Property Solutions, L.L.C.* 2009 U.S. Dist. LEXIS 36126, 2009 WL 1172711, at *2 (S.D. Tex. Apr. 28, 2009) (dismissing breach of contract claim where property owner failed to assert which provision of the loan was allegedly breached).

17. Further, Plaintiff fails to allege that he fully performed the contract. To this end, it is undisputed that Plaintiff's loan is in default; otherwise, Plaintiff would not be complaining about Wells Fargo's alleged foreclosure attempts. Indeed, Plaintiff does not deny his loan is in default or allege that his loan is current. "[A] party to a contract cannot enforce it or recover damages for its breach unless that party shows that he or she or it has performed the obligations imposed upon him or that he or she has offered to perform them and was able to do so or unless the party shows some valid excuse for failure perform." *Carr v. Norstok Bldg. Sys.*, 767 S.W.2d 936, 939 (Tex. App.—Beaumont 1989, no writ). Stated differently, "a party who fails to perform his obligation may not thereafter enforce the remaining terms of the contract against the

other party." *Interceramic, Inca v. South Orient R.R. Co., Ltd.*, 999 S.W.2d 920, 924 (Tex. App.—Texarkana 1999, pet. denied). Because Plaintiff defaulted under the loan agreement (by failing to perform their contractual obligations), he cannot prevail on their breach of contract cause of action against Wells Fargo.

18. In addition, Plaintiff fails to allege how any activities by Wells Fargo caused him harm. Because Plaintiff's allegations are conclusory and do not establish a plausible breach of the loan agreement at issue, or any other contract for that matter, denying the application is proper.

## IV.
## Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, Wells Fargo respectfully request that the Court deny Plaintiff's Application for Injunctive Relief, that Plaintiff take nothing as a result of his claims, that Wells Fargo recover its costs of court and attorneys' fees, and for such other and further relief to which Wells Fargo may show itself justly entitled.

Respectfully submitted,

By: */s/ Joel M. Bagby*
    Richard A. Illmer
    State Bar No. 10388350
    rillmer@brownmccarroll.com
    Joel M. Bagby
    State Bar No. 24063969
    joelbagby@brownmccarroll.com

**BROWN MCCARROLL, L.L.P.**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

**ATTORNEYS FOR DEFENDANT**
**WELLS FARGO BANK, N.A.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

| | |
|---|---|
| _____ | Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. |
| _____ | Hand-delivered by courier receipted delivery. |
| _____ | Forwarded by next day receipted delivery service. |
| __X__ | Communicated by telephonic document transfer to the recipient's current telecopier number. |
| _____ | Electronic Service via the Southern District of Texas Electronic Case Filing System (ECF). |

To:    James M. Sahadi
        605 E. Violet Avenue, Suite 6
        McAllen, TX 78504

on this 27th day of April, 2012.

                                                */s/ Joel M. Bagby*
                                                Joel M. Bagby